IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MARYLAND

|  |  |  |
|---|---|---|
| DAKOTA FINANCIAL, LLC, | * | |
| Plaintiff, | * | |
| v. | * | Civil Action No. PX 16-881 |
| DALLAS TRUCKING, LLC and ANTONIE ROBINSON | * | |
| Defendants. | * | |

******

**MEMORANDUM OPINION**

**I.     BACKGROUND**

On October 17, 2014, Plaintiff Dakota Financial ("Dakota") entered into a finance lease agreement with Defendant Dallas Trucking, LLC ("Dallas") whereby Dakota agreed to lease to Dallas a 2005 Mack Granite CV713 Tri-Axle Dump Truck. ECF No. 1 at 2; ECF No. 1-2. According to the terms of the lease agreement, Dallas was required to pay monthly installments of $2,737 to Dakota for forty-two months. On March 23, 2016, Dakota filed a Complaint against Dallas and Robinson (collectively, "Defendants"), alleging that Dallas breached the terms of the finance lease by failing to make timely payments. Robinson likewise breached the lease agreement and also breached the guaranty agreement for his failure to make the necessary payments after Dallas defaulted on its obligations. Dakota also requested a writ of replevin for the immediate seizure and delivery of the truck back to Dakota. ECF No. 1 at 5-6. On June 13, 2016, the Clerk entered an Order of Default against the Defendants for failure to plead or otherwise defendant against the Complaint within the time allowed. ECF No. 18.

On August 4, 2016, Dakota filed a Motion for Entry of Default Judgment, asking this Court to "[e]nter judgment by default, jointly and severally, against defendants Dallas Trucking, LLC and Antione Robinson, in the total amount of $83,138.76, plus attorneys' fees, with post-judgement interest at the legal rate until the judgment is fully paid." ECF No. 19 at 3. Dakota also requested the Court award possession of the Truck to Dakota and award Dakota "damages for the wrongful detention of the Equipment, . . . and enter judgment in Dakota's favor and against Defendant Dallas Trucking, LLC, in the amount of $25,000." *Id.*

On September 19, 2016, the Court granted Dakota's motion. ECF Nos. 27 and 28. It also ordered Dakota's counsel to provide, within fourteen days, a complete explanation of the reasonable attorney's fees and associated costs that Dakota is seeking. Defendants had fourteen days after Dakota's submission to respond. Dakota filed its attorney's fees motion on September 30 (ECF No. 29) and Defendants have not responded. For the foregoing reasons, Dakota's motion is granted.

## II. STANDARD OF REVIEW

Although liability has been established, an allegation "relating to the amount of damages" is not deemed admitted based on a defendant's failure to deny in a required responsive pleading. Fed. R. Civ. P. 8(b)(6); *Trs. of the Elec. Welfare Trust Fund v. MH Passa Elec. Contracting, Inc.*, No. DKC-08-2805, 2009 WL 2982951, at *1 (D. Md. Sept. 14, 2009) ("Upon default, the well-pled allegations in a complaint as to liability are taken as true, although the allegations as to damages are not."). Therefore, with respect to a default judgment, "[c]laims for damages must generally be established in an evidentiary proceeding at which the defendant is afforded the opportunity to contest the amount claimed." *U2 Home Entm't, Inc. v. Fu Shun Wang*, 482 F. Supp. 2d 314, 318 (E.D.N.Y. 2007); *see Greyhound Exhibitgroup, Inc. v. E.L. U.L. Realty Corp.*,

973 F.2d 155, 158 (2d Cir. 1992) (same). Yet, the Court may award damages without a hearing if the record supports the damages requested. *See Pentech Fin. Servs., Inc. v. Old Dominion Saw Works, Inc.*, No. 6:09cv00004, 2009 WL 1872535, at *2 (W.D. Va. June 30, 2009) (concluding that there was "no need to convene a formal evidentiary hearing on the issue of damages" after default judgment was entered against defendant because plaintiff submitted affidavits and printouts of electronic records establishing the amount of damages it sought); *see also Virgin Records Am., Inc. v. Lacey*, 510 F. Supp. 2d 588, 593 (S.D. Ala. 2007) (noting that an entry of default judgment "in no way obviates the need for determinations of the amount and character of damages," but an evidentiary hearing is not required if "all essential evidence is already of record").

### III. ANALYSIS

Dakota contends that each Defendant contracted to pay legal fees and costs incurred by Dakota in connection with Dakota's enforcement of its rights under the contracts at issue. The lease agreement states that Dakota:

> shall be entitled to recover its reasonable attorneys fees, including costs of in-house counsel, whether litigation has or has not been commenced, and all other reasonable costs incurred in that action or proceeding, in addition to any other remedies, reasonable costs and reasonable expenses to which the Lessor may be entitled.

Lease, ECF No. 1-2 at 7. Similarly, in the Guaranty, Robinson unconditionally guaranteed to pay, among other things:

> (d) all costs, expenses and fees, including, but not limited to, court costs and attorneys' fees, arising in connection with the collection of any or all amounts, such liabilities, obligations and duties of Lessee to Lessor and any assignee of Lessor . . . .

Guaranty, ECF No. 1-3 at 2.

In Maryland, a contractual obligation to pay legal fees is generally valid and enforceable. *Argonaut Ins. Co. v. Wolverine Const.*, Inc., 976 F. Supp. 2d 646, 656 (D. Md. 2013) (citing *Atl. Contracting & Material Co. v. Ulico Cas. Co.*, 380 Md. 285, 316, 844 A.2d 460, 478 (2004)). But "[w]here an award of attorneys' fees is called for by the contract in question, the trial court will examine the fee request for reasonableness, even in the absence of a contractual term specifying that the fees be reasonable."*Atl. Contracting & Material Co. v. Ulico Cas. Co.*, 380 Md. 285, 316, 844 A.2d 460, 478 (2004); *see also Developers Sur. v. Brantly Dev. Grp., Inc.*, No. JFM-15-3465, 2016 WL 5868550, at *12 (D. Md. Oct. 6, 2016). Dakota bears the burden of establishing the reasonableness of both the requested hourly rate and the number of hours spent. *Argonaut Ins. Co. v. Wolverine Const., Inc.*, 976 F. Supp. 2d 646, 656–57 (D. Md. 2013).

Dakota seeks $10,109.00 in attorneys' fees. In support of this request, it submitted the affidavit of its attorney, Steven N. Leitess, and relevant invoices that itemize the requested fees. *See* ECF No. 29-1. The invoices reflect that the firm spent 46.8 hours on this case at a rate of $150 per hour for paralegal time, $425 per hour for partner Steven Leitess, $305 per hour for partner Gordon Young, and $235 per hour for associate Pierce Murphy. Those hours and fees appear reasonable based on prevailing market rates and the nature of the litigation. As a result, Dakota is awarded $10,109.00 in attorneys' fees.

Dakota also seeks $863.51 in costs. Not only is Dakota contractually entitled to payment of its costs, but the Federal Rules of Civil Procedure provide that "[u]nless a federal statute . . . provides otherwise, costs-other than attorney's fees-should be allowed to the prevailing party." Fed. R. Civ. P. 54(d)(1). That rule applies in diversity cases. *See Glassman Constr. Co. v. Md. City Plaza, Inc.*, 371 F. Supp. 1154, 1162 (D. Md. 1974) ("In diversity actions the principles as to the allowance of costs deal with procedural matters and state law in and of itself is not

controlling."). Thus, Dakota will be awarded its costs of bringing this lawsuit in the amount of $863.51.

## IV. CONCLUSION

For the reasons stated above, Dakota's motion for attorneys' fees and costs is granted. A separate order will follow.

2/27/2016
Date

/S/
Paula Xinis
United States District Judge